a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICHARD DELL ABBOTT #17000-
089,
Plaintiff

CIVIL DOCKET NO. 1:25-CV-00096
SEC P

VERSUS

JUDGE EDWARDS

USA,
Defendants

MAGISTRATE JUDGE PEREZ-MONTES

---

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss, or Alternatively, Motion for Summary Judgment (ECF No. 37) filed by the Government, seeking dismissal of a Complaint filed by pro se Plaintiff Richard Dell Abbott ("Abbott"), who also seeks a default judgment (ECF No. 35). Abbott seeks damages for injuries suffered during an assault by his cell mate.

Because the Court lacks jurisdiction, the Motion to Dismiss (ECF No. 37) should be GRANTED and the Complaint DISMISSED WITHOUT PREJUDICE. The Motion for Default Judgment (ECF No. 35) should be DENIED as MOOT.

I.    Background

Abbott was assigned to a cell with inmate Leonardo Acevedo-Vasquez ("Acevedo-Vasquez"). On May 16, 2024, a fight ensued where Acevedo-Vasquez stabbed Abbott with a homemade weapon.

1

Abbott alleges that Acevedo-Vasquez, without provocation, stabbed him in the head and back, puncturing his right lung. ECF No. 1 at 1. Abbott asserts that Acevedo-Vasquez was known to assault his cell mates.

According to Senior Officer Specialist H. Carr, who was conducting security rounds at the time of the incident:

> I observed inmates [Acevedo-Vasquez] and [Abbott] striking each other with closed firsts to the face and upper torso area. [Acevedo-Vasquez] then introduced a homemade edged weapon (7 inch sharpened gray steel) and began to strike [Abbott] in the back and upper torso. I then issued verbal orders to both inmates to cease their actions, separate, and submit to hand restraints, which they refused. I then determined a delay in bringing the situation under control would constitute a serious hazard to the inmates. Therefore, I deployed two (2), two-second bursts of OC utilizing the MK-4 Liquid aerosol dispenser, which proved effective. Both inmates then submitted to hand restraints and [were] removed from the cell.

ECF No. 38-09. The Government acknowledges that Acevedo-Vasquez's disciplinary history includes the following incidents:

> June 5, 2019, Incident Report No. 3264282: Code 104, Possession of a Dangerous Weapon. Acevedo-Vasquez admitted to possessing a 5.5 inch metal weapon on his person at USP Lee.
>
> June 5, 2019, Incident Report No. 3264274: Code 224, Assault Without Serious Injury. Acevedo-Vasquez admitted assaulting another inmate with closed fists at USP Lee.
>
> January 19, 2020, Incident Report No. 3354556: Code 104, Possession of a Dangerous Weapon. Acevedo-Vasquez admitted ownership of a 6.5 inch sharpened metal weapon found in his living quarters at USP Lee.
>
> July 25, 2020, Incident Report 3419030: Code 104, Possession of a Dangerous Weapon. Acevedo-Vasquez admitted three 8 inch sharpened metal weapons were found under his mattress at USP Lee.

March 15, 2021, Incident Report 3482782: Code 224, Assault Without Serious Injury. Acevedo-Vasquez assaulted an officer by turning and headbutting him in the head at USP Lee.

March 16, 2021, Incident Report 3483951: Code 203, Threatening Bodily Harm. Verbally communicated an intent to cause physical harm to an officer assigned to the Special Housing Unit at USP Lee.

March 16, 2021, Incident Report 3483980: Code 224, Assault Without Serious Injury. Assaulted an officer at USP Lee by grabbing his wrist.

September 10, 2021, Incident Report 3545872: Code 201, Fighting. Acevedo admitted he got into a fight with another inmate at USP Big Sandy. According to the DHO report, Acevedo-Vasquez was seen exchanging blows with another inmate inside of cell 405, unit 3B. Acevedo-Vasquez was assigned to cell 423 at the time.

September 23, 2021, Incident Report 3550343: Code 201, Fighting. Acevedo-Vasquez engaged in another fight at USP Big Sandy. Specifically, he and another inmate were seen striking each other with closed fists in cell 201 on C Range, Special Housing Unit. At the time Acevedo-Vasquez was assigned to cell 201.

May 5, 2022, Incident Report 3626065: Code 201, Fighting. Acevedo was involved in another fight, this time at USP Allenwood. This time he was involved in a fight involving three other inmates in the common area of the housing unit.

ECF Nos. 38-4, 38-5, 38-6. However, Acevedo-Vasquez's disciplinary had been clear for two years prior to the incident, with no infractions from May 5, 2022, until May 16, 2024. *Id.*

II.  Law and Analysis

A.  Rule 12(b)(1) Standard

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may seek dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The party asserting jurisdiction bears the burden of proof and must establish, by a

preponderance of the evidence, that the court has jurisdiction based on: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020), *as revised* (Dec. 30, 2020) (internal citations and quotation omitted).[1]

In examining a Rule 12(b)(1) motion, a court is "empowered to consider matters of fact which may be in dispute." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).[2] "But there are limits to a district court's ability to resolve fact disputes on a Rule 12(b)(1) motion." *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022). The "general rule" prohibits "resolution of the jurisdictional issue on a 12(b)(1) motion . . . where the jurisdictional attack is intertwined with the merits of a claim." *See id.* (internal citations and quotations omitted). And typically, a Rule 12(b)(1) motion should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that

---

[1] A court's dismissal under Rule 12(b)(1) should generally be without prejudice because that decision "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] "A court has wide discretion to review affidavits and other documents outside of the pleadings, as well as to conduct a limited evidentiary hearing, in order to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion." *Martin v. Napolitano*, 11-CV-1368, 2012 WL 1413579, at *3 (W.D. La. Apr. 2, 2012), *report and recommendation adopted*, 11-CV-1368, 2012 WL 1413162 (W.D. La. Apr. 23, 2012) (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)); *see also Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) ("[W]here subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations.").

would entitle plaintiff to relief." *Di Angelo Publications, Inc. v. Kelley*, 9 F.4th 256, 260 (5th Cir. 2021) (internal citations and quotations omitted).

### B.    The Discretionary Function Exception

The United States, as a sovereign entity, is immune from suit unless it unequivocally consents to be sued. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The FTCA provides a limited waiver of this sovereign immunity, allowing suits against the United States for personal injury, property loss, or death caused by the negligent or wrongful act or omission of a government employee acting within the scope of employment. *See* 28 U.S.C. § 1346(b)(1).

However, this waiver is subject to several exceptions, which preserve the government's immunity and limit federal court jurisdiction over FTCA claims. *See Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). Among these is the discretionary function exception ("DFE"), which withdraws the FTCA's waiver of sovereign immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The DFE is a threshold jurisdictional issue: "If the government's conduct falls within the [DFE], then the district court [may] properly dismiss[ ] the case for lack of subject matter jurisdiction." *Buchanan v. United States*, 915 F.2d 969, 970 (5th Cir. 1990). In *United States v. Gaubert*, 499 U.S. 315 (1991), the United States Supreme

Court articulated a two-part test (the "*Gaubert* test") to determine whether the DFE applies:

> First, the court considers whether the relevant conduct is discretionary in nature, and involves an element of judgment or choice. Second, the court determines whether the judgment is of the kind that the [DFE] was designed to shield.

*Cantu Silva v. United States*, 110 F.4th 782, 787–88 (5th Cir. 2024) (internal citations and quotations omitted).  To succeed, a plaintiff must satisfy both prongs of the *Gaubert* test.  *See id.*

As to the first prong, "[i]f a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary."  *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).  "Conversely, if an employee violates a mandatory directive in a federal statute, regulation, or policy, there will be no shelter from liability because there is no room for choice and the action will be contrary to policy."  *Id.*  The reasoning here is plain: "[A] federal employee cannot be operating within his discretion if he is in fact violating a nondiscretionary policy."  *Spotts*, 613 F.3d at 568.  "It is the plaintiff's burden to identify with specificity the mandatory statutes, regulation or directives that have allegedly been violated."  *Devillier v. United States*, No. CIV.A.09-00263, 2010 WL 476722, at *2 (W.D. La. Feb. 10, 2010).

As to the second prong, "if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to

the promulgation of the regulations." *Dickson*, 11 F.4th at 313. "Because the purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort, when properly construed, the exception protects only governmental actions and decisions based on considerations of public policy." *Spotts*, 613 F.3d at 568. Moreover, the focus of this second prong is on whether the actions are "susceptible to policy analysis," not on whether the employee actually engaged in such an analysis. *Id.* at 572.

"The [DFE] 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" *Busara v. United States*, No. 2:21-CV-4055, 2023 WL 4946460, at *4 (W.D. La. Apr. 27, 2023), *report and recommendation adopted sub nom. Busara v. USA*, No. 2:21-CV-04055, 2023 WL 4938479 (W.D. La. Aug. 2, 2023) (*quoting United States v. S. A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 104 S.Ct. 2755, 2762 (1984)). And critically, the burden to establish that the DFE does not apply rests with the party invoking jurisdiction: "To state a claim under the FTCA, a plaintiff has the burden of stating a claim for a state-law tort and establishing that the discretionary function exception does not apply." *Spotts*, 613 F.3d at 569.

3. <u>The DFE deprives the Court of jurisdiction.</u>

Abbott maintains that the Bureau of Prisons ("BOP") is liable for its alleged failure to protect him from an assault. But Abbott does not meet his burden of

identifying a mandatory statute, regulation, or directive that was allegedly violated. *See Devillier*, 2010 WL 476722, at *2.

Under 18 U.S.C. § 4042(a), the BOP has a duty to provide for the safekeeping, care, and subsistence of all federal prisoners, and to provide for the protection, instruction, and discipline of those prisoners. However, the statute does not dictate how these duties must be fulfilled. *Williamson v. United States*, 1:24-CV-185, 2025 WL 2536211, at *3 (E.D. Tex. July 29, 2025), *report and recommendation adopted*, 2025 WL 2535620 (E.D. Tex. Sept. 2, 2025) (citing *Santana-Rosa v. United States*, 335 F.3d 39, 43-4 (1st Cir. 2003) (noting that § 4042 does not mandate a specific course of conduct, but rather leaves the BOP ample room for judgment)). Abbott has not identified any other applicable statutes, regulations, or policies that mandate a specific course of action. *See id.* (citing *Campos v. United States*, 888 F.3d 724, 731 (5th Cir. 2018) (noting that it is the plaintiff's burden to identify the applicable statute, policy, or regulation that requires a specific course of action)). The BOP's decision to assign Abbott to a cell with Acevedo-Vasquez was not dictated by statute, but was left to the discretion of prison officials and "generally fall within the discretionary function exception." *Dickson v. United States*, 11 F.4th 308, 313 (5th Cir. 2021).

The BOP's decision is susceptible to policy-related analysis in the second prong of the test. *Id.* (citing *Gaubert*, 499 U.S. at 325 ("The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible

to policy analysis.")).  As a matter of public policy, prison security, which includes decisions regarding the safekeeping of inmates, is generally a matter left to the discretion of prison officials.  *Id.* (citing *Huff v. Neal*, 555 F. App'x 289, 298 (5th Cir. 2014); *Ashford v. United States*, 463 F. App'x 387, 395 (5th Cir. 2012) ("Maintaining order and security in prison is the type of policy-based decision that the discretionary function exception shields.")).  As the Supreme Court has instructed, prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).  For these reasons, decisions regarding the placement of inmates fall within the discretionary function exception.  *Nichols v. United States*, No. 21-50368, 2022 WL 989467, at *3 (5th Cir. Apr. 1, 2022) (unpublished); *Williamson*, 2025 WL 2536211, at *3.  Thus, the government's Motion to Dismiss should be granted.

III.    Conclusion

Because the DFE applies, IT IS RECOMMENDED that the Motion to Dismiss for Lack of Jurisdiction (ECF No. 37) be GRANTED, and the Complaint be dismissed WITHOUT PREJUDICE.  IT IS FURTHER RECOMMENDED that Abbott's Motion for Default Judgment (ECF No. 35) be DENIED as MOOT.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, March 13, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE